GARDEN, JUDGE:
McAnallen Brothers, Inc., had a contract with the respondent, Board of Regents, for construction of a natatorium at West Virginia University. A part of that contract provided for the construction of a sanitary sewer. This claim is for the cost incurred by the contractor for extra work performed in *241 the construction of this sanitary line as the direct result of rock encountered on the project site. The contractor contends that the test borings provided prior to bidding on the job provided no indication of the type of rock on the project site as was encountered in the area of the sanitary sewer. The respondent, on the other hand, contends that the contractor should have performed its own test borings on the project to determine the sub-surface conditions and, therefore, the respondent is not responsible for the costs incurred by the contractor.
The record in this claim establishes that the contractor began construction on the sanitary line and within a week’s time encountered sub-surface hard rock similar to granite. The contractor attempted to use mechanical means to break the rock but soon resorted to the use of dynamite with the permission of the respondent’s field inspector. This method proved to be too time consuming to the contractor so the architect was requested to assist the contractor by redesigning the sanitary line. The architect complied with the contractor’s request by redesigning the line so as to raise the elevation, and alter the direction and ultimate length of the line. The contractor then constructed the sanitary line according to the redesign.
The architect for the respondent, William Hartlep, testified that the rock encountered by this contractor “is blue limestone which is nearly as hard as granite and very, very rare.” He further testified that the borings did not disclose this subsurface condition “because it’s a very isolated small area and I can’t explain it because it’s a freak occurrence of stone in that area. It’s one in a hundred shot that it would be there.”
The record in this claim establishes that an unanticipated sub-surface condition existed on the project and this condition caused the contractor to incur extra expense in the amount of $20,228.00 for which the contractor is entitled to be compensated. C. J. Langenfelder & Sons, Inc. v. State Road Commission, 8 Ct.Cl. 193 (1971). The Court, therefore, makes an award to the claimant in the amount of $20,228.00.
Award of $20,228.00.